[829 NYS2d 126]

In the Matter of EDWARD MOSKOWITZ, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 19, 2006

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for petitioner.

*Stephen J. Bury*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated January 4, 2005, containing one charge of professional misconduct. The respondent served an answer dated February 10, 2005, and a preliminary conference was held on March 15, 2005. At the hearing on March 27, 2006, and April 20, 2006, the Grievance Committee submitted four documents into evidence and called no witnesses. The respondent appeared with counsel, testified on his own behalf and presented three character witnesses. Special Referee Egitto sustained the single charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent opposes the motion and requests that the charge be dismissed.

The charge alleges that the respondent converted corporate funds for his own use and benefit in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

In or about 1992, Old Republic National Title Insurance Company (hereinafter Old Republic) entered into a title agency agreement with Metro Land Services, Inc. (hereinafter Metro Land). Pursuant to that agreement, Metro Land, as Old Republic's agent, collected various funds at real estate closings to pay, among other things, title insurance premiums and charges, recording fees and deed, mortgage and transfer taxes. In or about the spring of 1998, Old Republic discovered that Metro Land had failed to record deeds and other documents for

Old Republic from some 250 closings. While Metro Land had received the funds amounting to $1,372,734.84 required to record the documents and pay the requisite taxes, it no longer had the funds. The respondent was one of two sole directors, shareholders, and officers of Metro Land. He was individually liable for Metro Land's conversions of funds for his own use in the principal sum of $580,139.58.

This matter emanates from a decision and order of the Supreme Court, Nassau County, affirmed by this Court, finding the respondent individually liable, in his private business capacity as one of two shareholders and operators of Metro Land, for the conversion of $580,139.58 in corporate funds (*see Old Republic Natl. Tit. Ins. Co. v Moskowitz,* 297 AD2d 724 [2002]). The Grievance Committee successfully moved in this proceeding, before this Court, for summary judgment contending that the Supreme Court's finding of the respondent's individual liability for the conversion of corporate funds sustained the present disciplinary charge of his having engaged in conduct adversely reflecting on his fitness as an attorney, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), and that it constitutes dishonesty, fraud, deceit and misrepresentation, in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In his report, the Special Referee stated the following:

> "By virtue of the court granting summary judgment, the court found the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation sustaining the petition. I find that the respondent has an otherwise unblemished record and an excellent reputation among his peers. As to what extent this reputation mitigates the conduct herein is solely for the court to determine."

The Special Referee also pointed out that the respondent failed to acknowledge any wrongdoing either intentionally or otherwise.

Based upon this Court's prior decision and order granting the Grievance Committee's motion for summary judgment, the Grievance Committee's present motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's testimony in mitigation. He stated that following law school, from 1970 his practice involved the areas of real estate and title insurance and

he conceded that he never practiced law. Occasionally, he represented family or friends on a real estate matter or for a closing. He did not do any litigation and he never went into court at any time prior to 1998 when he closed Metro Land.

He has been married for 24 years, his wife works and he has two daughters. In 40 years of driving, he has not had any moving violation, he was never arrested, he does not have a drug problem, and he does not smoke or drink. He supports his family as best he can. Since 1998, he has been an independent contractor.

The respondent also presented three character witnesses, all of whom are lawyers and attested to the respondent's good reputation in the field of title insurance and real estate.

Notwithstanding the respondent's arguments in mitigation, he has been found guilty of conversion involving an ongoing scheme resulting in the misappropriation of clients' funds in connection with some 250 transactions.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of three years.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and LIFSON, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Edward Moskowitz, is suspended from the practice of law for a period of three years, commencing January 19, 2007, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said three-year period upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Edward Moskowitz, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion

as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Edward Moskowitz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent, Edward Moskowitz, shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).