[926 NYS2d 642]

In the Matter of Michael N. Durante, a Suspended Attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, July 5, 2011

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*McDonough and McDonough*, Westbury (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter Grievance Committee) served the respondent with a verified petition dated December 28, 2009, containing seven charges of professional misconduct. After a preliminary conference on June 9, 2010, and a hearing on June 30, 2010 and July 14, 2010, the Special Referee issued a report and sustained charges one through three, and five through seven. The Grievance Committee now moves to confirm the Special Referee's report as to the charges sustained, disaffirm the report insofar as charge four was not sustained, and impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted papers in response and does not contest the findings and conclusions of the Special Referee. However, he contends that, at all relevant times, he was substantially impaired either by his addiction to and dependency on prescription pain medicine and/or by depression. He asks that the Court not impose any additional term of suspension or disbarment. Rather, he requests that the Court discipline him in one of the following three ways: (1) hold this matter in abeyance and reinstate him to the practice of law

conditioned upon his successful participation in a lawyer assistance program, or (2) limit the sanction to a public censure, conditioned upon his successful participation in a lawyer assistance program, or (3) limit the sanction to a one-year suspension with credit for time served under the interim suspension.

Charge one alleges that the respondent converted funds entrusted to him as a fiduciary, incident to the practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). At all relevant times, the respondent maintained an attorney escrow account at JP Morgan Chase Bank, titled "Michael N. Durante P.C. IOLA." On or about September 15, 2003, the respondent represented Marie Occhigrossi and Frank Occhigrossi at the closing on the sale of their property in Bedford Corners, New York. At the closing, the respondent was entrusted with the proceeds of the sale in the amount of $901,101.52. He agreed to safeguard these funds in his attorney escrow account. After payment of certain expenses, the respondent was required to hold $896,656.52 on behalf of his clients, and deposited this sum in his attorney escrow account.

Afterwards, the Occhigrossis made repeated requests for the respondent to deliver the escrowed funds to them. On or about December 3, 2003, the respondent gave the Occhigrossis a check in the amount of $25,000, representing a portion of the funds held on their behalf. On or about August 4, 2004, the respondent wired $811,656.52 to the Occhigrossis, representing an additional portion of the escrowed funds. However, the respondent failed to remit to his clients the remaining $60,000 of the escrowed funds. The respondent used these funds for his personal use.

Charge two alleges that the respondent failed to satisfy a lawful money judgment entered against him, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]). On or about August 6, 2008, the Occhigrossis initiated a civil action against the respondent in Supreme Court, Queens County, entitled *Occhigrossi v Durante*, whereby they sought, inter alia, to recover $60,000. By decision and order dated October 27, 2008, Justice Charles J. Markey granted the Occhigrossis' motion for summary judgment and awarded a money judgment against the respondent in the amount of $60,000, with interest from September 15, 2003. By affidavit of confession of judgment, the respondent authorized the entry of judgment against him in the amount of $120,000. On November

19, 2008, the confession of judgment was filed and entered in the Queens County Clerk's office. To date, the respondent has failed to satisfy this judgment.

Charge three alleges that the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). In or about June 2007, the respondent represented a client named Elcyne Howard in relation to a "reverse mortgage" that she had obtained from the BNY Mortgage Company. On or about June 29, 2007, the respondent was entrusted with a check in the amount of $52,274.09, representing the proceeds of Ms. Howard's reverse mortgage. The respondent agreed to safeguard these funds in his attorney escrow account, and deposited the same into his attorney escrow account. On or about July 9, 2007, the respondent issued check No. 1785 from his attorney escrow account in the amount of $45,000, payable to ORA Management, which did not relate to the purposes for which he was asked to safeguard these funds. On or about July 17, 2007, when check No. 1785 was presented and cleared, the balance in the respondent's attorney escrow account was depleted to $9,842.98.

Charge five alleges that the respondent commingled personal funds with funds entrusted to him as fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). Between May 2007 and October 2008, the respondent deposited personal funds by making 16 cash deposits, totaling $27,547, into his attorney escrow account.

Charge six alleges that the respondent made cash withdrawals from his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]). The respondent made cash withdrawals of $7,500, $20,000, and $3,210 on June 25, 2007, August 24, 2007, and April 30, 2008, respectively, from his attorney escrow account.

Charge seven alleges that the respondent failed to maintain required bookkeeping records of his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) and (j) (22 NYCRR 1200.46 [d], [j]). The respondent failed to maintain the following for his attorney escrow account: a contemporaneous ledger or similar record, showing the date, source, and description of each item deposited, and the date, payee, and purpose of each withdrawal or disbursement, and required checkbooks and check stubs, bank statements, prenumbered canceled checks, and duplicate deposit slips.

In view of the evidence adduced and the respondent's admissions, the Special Referee properly sustained charges one through three and five through seven. Furthermore, the Special Referee properly declined to sustain charge four. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report as to charges one through three and five through seven is granted and the motion is otherwise denied.

In mitigation, the respondent testified that, in or around 2000, he was arrested. Although ultimately exonerated, the stress and anxiety caused by the arrest drove him to seek psychiatric help. He was diagnosed with depression. In 2001, he also began experiencing marital difficulties. From November 2005 until April 2007, the respondent underwent a series of surgeries to address a host of different medical problems (rheumatoid arthritis, torn quadriceps tendon, cardiac problems, and aneurysm). The respondent claims that these repeated surgeries and the continued use of prescription opiates created a drug dependence and severe depression. He voluntarily sought treatment at both inpatient and outpatient programs, to address his addiction to pain medications and other mental health issues. One of several expert witnesses called by the respondent at the hearing before the Special Referee, Dr. Julie Low, a forensic psychiatrist, opined that during the period the respondent underwent multiple surgeries and was on opiates he was "greatly impaired" and in "crisis mode." She also testified that the respondent's depression, anxiety, and substance abuse are all presently in remission.

On the issue of the respondent's mental impairment, the Special Referee concluded that the "respondent has established that his physical and emotional distress may have contributed to some of the misconduct committed, but not that such misconduct [was] the direct result of his dual diagnosis of substance abuse and severe depression." Specifically with respect to charges one and two, the Special Referee noted that the subject funds were "taken long before the series of debilitating surgeries which resulted in a severe worsening of his condition."

Based on the credible evidence, we reject the respondent's contention that he was impaired throughout the period from 2000 through 2008, such that he did not possess the requisite intent to commit the subject misconduct.

Notwithstanding the respondent's remorse, his reputation as a competent bankruptcy attorney who cared about his clients,

the lack of a prior disciplinary history, the lack of complaints from clients, and the efforts he made to overcome his serious health issues, we find that he committed serious professional misconduct. The respondent converted client funds for personal use and, to date, two clients have still not been made whole.

Given the totality of circumstances, the respondent is suspended from the practice of law for a period of three years, with credit for the time served under the interim order of suspension.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and AUSTIN, JJ., concur.

Ordered that the branch of the petitioner's motion which was to confirm the Special Referee's report is granted, and charges one, two, three, five, six, and seven are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent, Michael N. Durante, is suspended from the practice of law for a period of three years, with credit for the time served under the interim order of suspension dated April 27, 2010, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 29, 2012. In such application, the respondent shall furnish satisfactory proof that (1) during the said period he refrained from practicing or attempting to practice law, (2) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Michael N. Durante, shall promptly continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Michael N. Durante, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael N. Durante, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).