[53 NYS3d 694]

In the Matter of WILLIAM ANTHONY DiCONZA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 3, 2017

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*William Anthony DiConza*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated July 1, 2015, containing five charges of professional misconduct. After a preliminary conference on February 3, 2016, and a hearing on April 13, 2016, the Special Referee issued a report sustaining all the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted papers in opposition, asking the Court to deny the motion in all respects.

Charge one alleges that the respondent breached his fiduciary duty by commingling and misappropriating client funds entrusted to him, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), now rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: the respondent was retained in 2005 to represent the interests of Velma Costarelli in the sale of commercial real estate at 951 Cypress Avenue, Ridgewood, New York. At the closing on July 28, 2008, the respondent received two checks on behalf of Costarelli in the amounts of $167,247.50 and $704,200.48, totaling $871,447.98, which represented the proceeds of the sale (hereinafter Costarelli Trust Funds), and was entrusted by her as a fiduciary. The respondent deposited both checks into his operating account maintained at Bank of America, rather than his attorney trust account. Between July

28, 2008, and August 22, 2008, the respondent was authorized by Costarelli to disburse $15,000 of the Costarelli Trust Funds to her, and accordingly, the respondent issued two checks, both in the amount of $7,500, from his operating account. Following clearance of the two checks, the remaining balance of the Costarelli Trust Funds on deposit in the operating account was $856,447.98.

The respondent was entitled to a legal fee in the amount of $7,000 from the proceeds of the transaction. Between July 28, 2008, and August 22, 2008, the respondent was not authorized by Costarelli to make any further disbursements from the Costarelli Trust Funds. As of August 22, 2008, the respondent was required to maintain and preserve $849,447.98 of the Costarelli Trust Funds ($856,447.98 minus the $7,000 legal fee).

On August 22, 2008, the respondent transferred $751,447.98 of the Costarelli Trust Funds from his operating account into a trust account maintained at State Bank of New York, now Valley National Bank, entitled "William DiConza Attorney Management Escrow." The respondent was still required to maintain $849,447.98, comprised of the $751,447.98 transferred to the trust account and $98,000 in the operating account. However, following the transfer, the balance in the operating account was only $63,334.96.

Between July 28, 2008, and August 22, 2008, prior to the transfer, the respondent made withdrawals and disbursements from the Costarelli Trust Funds for his own use and benefit, without Costarelli's knowledge and consent. Between August 22, 2008, and April 3, 2009, the respondent further depleted the Costarelli Trust Funds by making withdrawals and disbursements for his own use and benefit, without Costarelli's knowledge and consent. On September 19, 2008, the operating account balance was $32,595.23. On October 21, 2008, the balance was $5,996.97. On April 3, 2009, the balance was below zero at -$7,730.04.

As of August 22, 2008, the respondent was also required to maintain and preserve as a fiduciary the entire $751,447.98 portion of the Costarelli Trust Fund he had transferred from the operating account to the trust account. Between August 22, 2008, and April 3, 2009, the respondent was authorized by Costarelli to disburse $127,500 of the Costarelli Trust Funds, and did disburse that sum. Following the disbursement, the respondent was still required to maintain in the trust account the sum of $623,947.98.

As of April 3, 2009, the respondent was required to maintain this sum, as well as the sum of $98,000 in the operating account, for a total of $721,947.98. On April 3, 2009, the cumulative balance in both accounts was only $463,310.56. Between August 22, 2008, and April 3, 2009, without Costarelli's knowledge and consent, the respondent made withdrawals and disbursements from the Costarelli Trust Funds on deposit in the trust account for his own use and benefit.

Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: on or about April 3, 2009, the respondent was requested by Costarelli to remit the balance of the Costarelli Trust Funds, which should have totaled $721,947.98, to her. On April 6, 2009, the respondent induced Costarelli to loan him $250,000 in exchange for a 10% per annum rate of return. The respondent did not disclose to Costarelli that he had already withdrawn approximately $258,000 of the Costarelli Trust Funds. The respondent has not repaid the loan.

Charge three alleges that the respondent breached his fiduciary duty by misappropriating client funds entrusted to him, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: in April 2009, the respondent represented Thomas and Patricia Turano in the sale of premises located at 67 Oak Hill Drive, Oyster Bay. The purchase price was $780,000. The respondent received a down payment of $40,000 from the buyers, Kenneth and Kathleen DiCamillo. On April 20, 2009, the respondent deposited the down payment into his trust account. He was required to hold the down payment until closing or as otherwise authorized by the parties. He was not authorized to make any withdrawals or disbursements from the down payment prior to closing, which occurred on July 13, 2009. On June 10, 2009, the balance in the trust account was $27,482.60, below the amount he was required to maintain in connection with the Oak Hill Drive transaction.

Charge four alleges that the respondent breached his fiduciary duty by misappropriating client funds entrusted to him, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: in June 2009, the respondent represented Maria Florex in the sale of premises located at 31 Meadowbrook Road, Syosset. The purchase price was $995,000.

The respondent received a down payment of $99,500 from the buyers, Pamela and Francis Gimex. On June 19, 2009, the respondent deposited the down payment into his trust account. He was required to hold the down payment until closing or as otherwise authorized by the parties. He was not authorized to make any withdrawals or disbursements from the down payment prior to closing, which occurred on August 27, 2009. On August 13, 2009, the balance in the trust account was $70,627, below the amount he was required to maintain in connection with the Meadowbrook Road transaction.

Charge five alleges that the respondent breached his fiduciary duties by failing to maintain required bookkeeping records for a trust account, in violation of rule 1.15 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: from August 2008 through April 2015, the respondent failed to maintain the required bookkeeping records for his trust account.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained all the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

The respondent has no prior disciplinary history.

The respondent asks that the following mitigating factors be considered in determining the appropriate sanction: the misconduct dates back to 2008 and 2009 and has not recurred; his sincere remorse; his unblemished disciplinary history in 30 years of practice; his repayment of a significant portion of the loan and his intention to fully repay the balance of the loan; his volunteer and community service activities; his upstanding reputation in the community; his various medical problems; and his status as sole caregiver of his 94-year-old father. Notwithstanding these mitigating factors, we find that the respondent committed serious professional misconduct by his intentional and repeated invasion of client funds to pay for personal and business expenses.

Under the totality of the circumstances, we find that a suspension from the practice of law for a period of three years is warranted (*see Matter of Durante*, 87 AD3d 112 [2011]; *Matter of Moskowitz*, 37 AD3d 81 [2006]).

ENG, P.J., MASTRO, DILLON, BALKIN and CHAMBERS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, William Anthony DiConza, is suspended from the practice of law for a period of three years, commencing June 2, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 2, 2019. In such application (*see* 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that (1) during said period he refrained from practicing or attempting to practice law, (2) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15), (3) he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, William Anthony DiConza, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, William Anthony DiConza, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, William Anthony DiConza, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).